In re Petition of Arnold GOLDIN and Lee J. Bloomfield for an Advertising Rule Change.

Supreme Court of Tennessee,
at Nashville.

May 22, 1985.

Michael Richards, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for Goldin and Bloomfield.

W.J. Michael Cody, Atty. Gen. & Reporter, John Knox Walkup, Chief Deputy Atty. Gen., Charles L. Lewis, Deputy Atty. Gen., C. Blair Scoville, Asst. Atty. Gen., Nashville, for the Atty. Gen.

Lance B. Bracy, Chief Disciplinary Counsel, Nashville, for The Bd. of Professional Responsibility.

## OPINION

PER CURIAM.

A respectful and dignified petition supported by a scholarly brief has been filed with the Court on behalf of Arnold Goldin and Lee J. Bloomfield, attorneys engaged in the practice of law in Memphis, seeking deletion of the disclaimer required by Supreme Court Rule 8, DR 2–101(C).

Petitioners assert that the disclaimer, "is itself untrue, deceptive and potentially misleading to consumers of legal services." Thus, they conclude that it is an overly broad restriction and therefore unconstitutional.

The State Attorney General and the Board of Professional Responsibility have filed excellent briefs insisting that the present disclaimer is constitutional and urging the Court to retain a disclaimer, either in its present or a modified form, as necessary to prevent misleading consumers of legal services in this State.

The parties have been heard in oral argument and we have carefully considered all of the legal and practical ramifications of the issue.

It is our conclusion that while the present disclaimer is constitutional, we think that a modified disclaimer will better serve the bar and the public.

This Court is convinced that many consumers and potential consumers of legal services in Tennessee believe that the mere listing, in advertisements, of specific areas of legal practice implies specialization, certification or expertise beyond that of the average lawyer. Thus, we are of the opinion that this State's substantial interest in preventing advertising that will mislead the public requires that we retain a disclaimer.

In addition to modifying the form of the disclaimer, we have decided that the audible disclaimer in television commercials should be eliminated, but the visible disclaimer will be retained.

The result is that we modify Supreme Court Rule 8, DR 2–101(C) by striking the present rule and substituting in its place, the following:

(C) If a lawyer publishes or broadcasts a communication that contains any listing of legal services for specific areas of practice, the communication must include the following precise wording:
TENNESSEE DOES NOT CERTIFY SPECIALISTS IN THE LAW, AND WE DO NOT CLAIM CERTIFICATION IN ANY LISTED AREA.

(1) When the above disclaimer is required, it must be included in the communication in a prominent manner.

(2) Television commercials must include the disclaimer in the visible broadcast. In the visible broadcast of the disclaimer, the size of print, in contrast with other images on the screen at the same time, and the duration of the broadcast must be adequate to ensure that television viewers with average vision and education can read the disclaimer when viewing the broadcast on standard television receiving equipment.

Costs are assessed one-half against petitioners and one-half against the Board of Professional Responsibility.